01
02
03
04
05
06

07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09   KIM ROBERT DELAVERGNE,                    )
                                               )   CASE NO. C13-1471-JCC-MAT
10          Plaintiff,                         )
                                               )
11          v.                                 )
                                               )   REPORT AND RECOMMENDATION
12   WASHINGTON STATE DEPARTMENT               )
     OF CORRECTIONS, et al.,                   )
13                                             )
            Defendants.                        )
14   _____        )

15          Plaintiff, proceeding *pro se* and *in forma pauperis*, submitted a proposed 42 U.S.C. §

16   1983 civil rights complaint.  (Dkt. 5.)  He named as defendants the Washington State

17   Department of Corrections (DOC), Director of Prisons Bernard Warner, Dr. Kenneth Lauren,

18   Dr. Edwards, PA Sherlie Niesner, ARNP Roberta Kanive, Medical Director Dr. Steven

19   Hammond, Dr. Jauling, Dr. Stanley Fleming, Dr. Gordon Irving, and Dr. Collins, and raised

20   claims associated with his medical treatment.

21          By Order dated August 22, 2013, the Court issued an Order declining to serve and

22   granting plaintiff an opportunity to amend.  (Dkt. 7.)  The Court noted deficiencies in the

REPORT AND RECOMMENDATION
PAGE -1

01  proposed complaint as set forth below.

02       In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of

03  rights protected by the Constitution or created by federal statute, and (2) that the violation was

04  proximately caused by a person acting under color of state or federal law.   *West v. Atkins*, 487

05  U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).   Neither states,

06  nor entities that are arms of the state, such as the Washington State DOC, are persons for

07  purposes of § 1983.   *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d

08  1387, 1398 (9th Cir. 1993) (en banc).   Accordingly, plaintiff's claims against the DOC must be

09  dismissed.

10       A plaintiff in a § 1983 action must allege facts showing how individually named

11  defendants caused or personally participated in causing the harm alleged in the complaint.

12  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).   A plaintiff may not hold supervisory

13  personnel liable under § 1983 for constitutional deprivations under a theory of supervisory

14  liability.   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   Rather, a plaintiff must allege

15  that a defendant's own conduct violated the plaintiff's civil rights.

16       In this case, plaintiff appears to allege an Eighth Amendment violation through medical

17  treatment and risk to his safety.   However, he fails to set forth facts demonstrating how a

18  number of the named defendants personally participated in causing him harm of constitutional

19  dimension.   In particular, he sets forth no basis for including defendants Warner, Dr.

20  Hammond, or Dr. Jauling in this matter, and, indeed, does not reference those individuals

21

22

REPORT AND RECOMMENDATION
PAGE -2

01 within the body of his complaint.[1]   He appears to improperly include Warner and Dr.

02 Hammond under a theory of supervisory liability.   As such, plaintiff's claims against Warner

03 and Drs. Hammond and Jauling are subject to dismissal.

04         Because of the deficiencies described above, the Court declined to serve the complaint

05 or to direct that an answer be filed.   However, the Court granted plaintiff leave to amend his

06 complaint, if possible, to correct the identified deficiencies within thirty days from the date of

07 the Court's August 22, 2013 Order.   The Court noted that, if no amended complaint was timely

08 filed, the Court would recommend that this matter be dismissed.

09         On August 26, 2013, the Court received a letter from plaintiff in which he raised a

10 question as to the correct cause number in this action and clarified that Drs. Fleming and Irving,

11 and "Dr. Collins of Washington Corrections Center a PHD MD" are not defendants, while "Dr.

12 William Collins MD is a defendant of Monroe Command Center (TRU)."   (Dkt. 9.)

13 However, as the letter contains an August 23, 2013 postmark (*see id*. at 5), it does not appear it

14 was submitted in response to the Court's Order to Show Cause.   Nor does the letter otherwise

15 respond to deficiencies addressed in the Court's Order.

16         It remains that, to date, the Court has not received an amended complaint from plaintiff.

17 The Court, therefore, now recommends plaintiff's complaint be dismissed.   The Court

18 recommends plaintiff's claims against the DOC and against Drs. Fleming and Irving be

19 dismissed with prejudice for the reasons set forth above.   However, because it remains to be

20 seen whether plaintiff can state any claims against the remaining individual defendants, the

21 ─────────────────────

22         1 Nor did plaintiff address the involvement of Drs. Fleming, Irving, or Collins.   However, as stated below, plaintiff indicated in a letter to the Court that he did not intend to include at least Drs. Fleming and Irving as defendants, and his intention regarding Dr. Collins remains unclear.   (Dkt. 9.)

REPORT AND RECOMMENDATION
PAGE -3

01   Court recommends plaintiff's claims against those individuals be dismissed without prejudice.

02   A proposed Order accompanies this Report and Recommendation.

03          DATED this 11th day of October, 2013.

05          Mary Alice Theiler
06          Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4